UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

HENRY CRAWFORD, JR.                                                                              PETITIONER

v.                                                                        CIVIL ACTION NO. 3:20-CV-698-CRS

KEVIN R. MAZZA, *Warden*                                                                         RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter is before the court for consideration of the Report and Recommendation of the United States Magistrate Judge that the petition for writ of habeas corpus filed by petitioner Henry Crawford ("Crawford") under 28 U.S.C. § 2254 be denied. DN 22. The Court has conducted a *de novo* review of those portions of the report to which Crawford has filed objections. Upon review of the Magistrate Judge's report in conjunction with the record in this matter, this court concludes that the Magistrate Judge's findings of fact, conclusions of law, and recommendation should be accepted and adopted in their entirety.

## Findings of Fact

The following findings of fact are taken from Report and Recommendation of the Magistrate Judge.

Crawford's convictions arise from a home invasion that occurred in 1990. *Crawford v. Commonwealth*, No. 2010-SC-000645, 2012 WL 601248, *1 (Ky. Feb. 23, 2012) ("*Crawford I*"). Crawford was implicated in the crime in 2006 after his DNA was entered into the Combined DNA Index System ("CODIS") and linked to the sexual assault kit administered to the victim of the home invasion. *Id.* Following an investigation, Crawford was arrested and later tried before a

1

Jefferson County, Kentucky jury and found guilty on counts of first-degree rape, sodomy, burglary, and robbery. *Id.* He was sentenced to an aggregate term of two hundred years due to a first-degree persistent felony offender enhancement. *Id.* The Court adopts the factual findings of the Supreme Court of Kentucky from Crawford's direct appeal.

On October 16, 1990, Dana Minrath ("Minrath") was the victim of a home invasion, during which she was physically attacked and sexually assaulted. *Id.* She was ambushed by an assailant who had been hiding in her home. *Id.* The assailant approached Minrath from behind, dealt a severe blow to her head, and forced her to the floor. *Crawford I*, 2012 WL 601248, at *1. He then "subdued her by pressing a gun to the back of her head." *Id.* The assailant dragged Minrath to the bedroom, where he bound her hands and legs, blindfolded her with a scarf, and removed all her clothing. *Id.* He then raped and sodomized Minrath. *Id.*

When the attack was over, Minrath tried to free herself but could only remove the bindings from her legs. *Id.* She ran for help "[s]till unclothed and bleeding heavily from the head wound." *Id.* After knocking on an elderly neighbor's door and getting no response, Minrath drew the attention of a passing truck. *Crawford I* at *1. By that time, her neighbor had also come to the door. *Id.* The driver "covered Minrath with a blanket and assisted her into the neighbor's home." *Id.* She was then taken by ambulance to the hospital, where she received twelve stitches in her head. *Id.* Sexual assault evidence was collected during her hospitalization. *Id.* DNA was also recovered from the blanket Minrath wrapped herself in while waiting for police to arrive. *Id.* Minrath was able to provide a description of her assailant to police, "although she acknowledged that she only caught a glimpse of him before he forced her to the floor and blindfolded her." *Crawford I*, 2012 WL 601248, at *1.

The crime went unsolved until 2006, when Crawford was arrested on unrelated charges and his DNA profile was entered into CODIS. *Id.* His DNA matched the profile of the swabs taken in Minrath's sexual assault kit. *Id.* This match "restarted the dormant investigation into the crime." *Id.* The investigation revealed that Crawford was seen in Minrath's neighborhood at the time the crimes were committed. *Id.* In addition, the DNA samples taken from the blanket, which were frozen in 1990 and retested in 2006, proved to be a mixture of Minrath's and Crawford's DNA. *Id.*

Crawford was arrested and later tried on charges of first-degree burglary, robbery, rape, and sodomy, and for being a persistent felony offender. *Id.* He was convicted on all counts and sentenced to fifty years on each to run consecutively for a total of two hundred years. DN 14-2, at PageID # 127–29. Crawford directly appealed his conviction to the Kentucky Supreme Court, raising five claims of error. *Id.* at PageID # 131. The Court affirmed Crawford's judgment of conviction and sentence in its entirety. *Crawford I*, 2012 WL 601248, at *5.

In August 2012, Crawford filed a *pro se* collateral attack on his conviction under Kentucky Criminal Rule (RCr) 11.42, asserting eight claims of ineffective assistance of counsel. DN 14-2, at PageID # 218. The Jefferson Circuit Court rejected all of Crawford's RCr 11.42 claims. *Id.* at PageID # 258. On appeal, the Kentucky Court of Appeals affirmed in part, reversed in part, and remanded the 11.42 ruling for a hearing on Crawford's claim that his counsel was ineffective for not calling a DNA expert to testify at trial. *Crawford v. Commonwealth*, No. 2013-CA-000816-R, 2015 WL 1968775, at *9–10 (Ky. Ct. App. May 1, 2015) ("*Crawford II*").

A hearing was held on December 2, 2016, and the Jefferson Circuit Court determined that trial counsel was not ineffective for strategically deciding not to call the retained DNA expert. *Id.*, PageID # 329. Crawford appealed this determination, and the Kentucky Court of Appeals affirmed.

3

*Crawford v. Commonwealth*, No. 2017-CA-001354-MR, 2019 WL 1870672 (Ky. Ct. App. Apr. 26, 2019) ("*Crawford III*"). Crawford then sought discretionary review by the Kentucky Supreme Court, which was denied on April 22, 2020. DN 14-2, at PageID # 386, 399. Crawford did not file a writ of certiorari with the United States Supreme Court. On October 16, 2020, Crawford filed the instant petition for writ of habeas corpus, under 28 U.S.C. § 2254. DN 1.

## Asserted Grounds for Relief

Crawford has asserted fived grounds for relief in his petition for writ of habeas corpus. First, Crawford alleges that his right to discovery under Kentucky RCr 7.24 was violated when the Commonwealth failed to turn over the CODIS report and the DNA evidence from Minrath's sexual assault kit. DN 1-1, PageID # 24–31. Second, Crawford claims that the evidence in the CODIS report and from the sexual assault kit was exculpatory and should have been provided to defense counsel pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.*, PageID # 32–36. The last the three grounds for relief that Crawford recites are claims of ineffective assistance of counsel and will be discussed below. *Id.*, PageID# 36-52.

## Standard of Review

The Magistrate Judge recommended that this Court deny Crawford's petition for the writ of habeas corpus and deny Crawford a Certificate of Appealability. DN 22, PageID# 444. When reviewing the findings or recommendations of a Magistrate Judge, this Court must "'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985) (quoting 28 U.S.C. § 636(b)(1)). The Court must re-examine all relevant evidence previously reviewed by the Magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

**Review of Magistrate's Legal Conclusions in Light of Crawford's Objections**

As related by the Magistrate Judge, a petitioner may be relieved from a state court conviction pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), if the state court's adjudication of the petitioner's claim either:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

DN 22, PageID# 432 (quoting 28 U.S.C. § 2254(d)).

With respect to § 2254(d)(1), the court's review of the state court's "reasonableness" relates not to the erroneous or incorrect application of federal law, but rather "whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 409, 411 (2000) (internal quotation marks omitted)). If "the state court arrive[d] at a conclusion opposite to that reached by the Supreme Court on a question of law" or "decide[d] a case differently than the Supreme Court 'has on a set of materially indistinguishable facts,'" relief can be granted under the "contrary to" clause of § 2254(d)(1). *Id.* (quoting *Williams* at 405-06, 412-13). Habeas relief may only be granted under § 2254(d)(2) if the petitioner contests the factual determinations made by the state court. *Id.* (citing *Mitzel v. Tate*, 267 F.3d 524, 537 (6th Cir. 2001).

Crawford objects to each of the Magistrate's conclusions of law. However, his challenges constitute a reiteration of arguments that were thoroughly considered and addressed in the Magistrate Judge's report. For the reasons discussed below, this Court will accept and adopt the Report and Recommendation of the Magistrate Judge in its entirety.

**Alleged Discovery Violations**

The Magistrate Judge correctly concluded that Crawford is not entitled to habeas relief on his claims regarding violations of Kentucky's discovery rules, as criminal defendants have no federal constitutional right to discovery. DN 22, PageID# 434 (citing *Lorraine v. Coyle*, 291 F.3d 416, 441 (6th Cir. 2002)). Though Crawford maintains that the Magistrate Judge erred in "the application of U.S. law about discovery" (DN 28, PageID# 503), the Magistrate relied upon longstanding Sixth Circuit jurisprudence that unambiguously denies habeas relief on these grounds. *Id.* (citing *Lorraine* at 441); *see also Williams v. Campbell*, No. 16-2753, 2017 U.S. App. LEXIS 27796, at *3 (6th Cir. June 28, 2017) ("An alleged violation of state discovery rules is not cognizable in a habeas corpus action.").

**Alleged *Brady* Violation**

The Magistrate also correctly determined that the Kentucky Supreme Court applied the appropriate standard from *Brady v. Maryland*, 373 U.S. 83 (1963); *Strickler v. Greene*, 527 U.S. 263 (1999); and *Kyles v. Whitley*, 514 U.S. 419 (1995) in its assessment of Crawford's claim that the prosecution withheld exculpatory evidence. DN 22, PageID# 434. Pursuant to *Brady*, a prosecutor's failure to disclose evidence favorable to the defense constitutes a denial of due process "where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. For the court to provide habeas relief on this basis, "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler* at 281-82. To satisfy this last prong, the accused must show "there is a reasonable probability that the result of the trial would have

been different if the suppressed [evidence] had been disclosed to the defense." *Id.* at 289 (internal quotation marks omitted).

Crawford maintains that had he been able to independently test the DNA from the sexual assault kit, the evidence would have been favorable to his defense. DN 24, PageID# 469-70; DN 28, PageID# 503-04. However, as discussed by the Kentucky Supreme Court, this argument is too speculative to succeed. *Crawford I*, 2012 WL 601248, at *2-*3. Outside of Crawford's unsupported assertions, there was and continues to be no basis for concluding that the outcome of Crawford's trial would have been different but for the prosecution's failure to turn over the DNA from the sexual assault kit. The state court found this to be particularly true since the DNA evidence from the sexual assault kit was not introduced at trial and Crawford was connected to the crime with separate DNA evidence from the blanket. *Id.* Upon reviewing the decision in *Crawford I*, the Magistrate Judge concluded that, "[u]nder the deferential constraints of AEDPA, the Court finds the Kentucky Supreme Court's reasoning on this claim is consistent with clearly established law and provides no basis for habeas relief." DN 22, PageID# 436.

This Court agrees. Crawford has not shown that in *Crawford I* the Kentucky Supreme Court was "objectively unreasonable" in its application of clearly established federal law, that it arrived at "a conclusion opposite to that reached by the Supreme Court on a question of law, or that it decided Crawford's case "differently than the Supreme Court has on a set of materially indistinguishable facts." As such, relief under § 2254(d)(1) is not appropriate.

**Allegations of Ineffective Assistance of Counsel**

The Magistrate Judge correctly determined that, under *Strickland v. Washington*, 466 U.S. 668 (1984), Crawford is not entitled to habeas relief for ineffective assistance of counsel. DN 22, PageID# 436-442. *Strickland* requires that a criminal defendant first show "that counsel's

7

performance was deficient," meaning "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. 668, 687. The defendant must also show "that the deficient performance prejudiced the defense . . . [by committing] errors [that] were so serious as to deprive the defendant of a fair trial." *Id.* To establish prejudice, the defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Crawford makes three claims alleging ineffective assistance of his trial counsel. First, he challenges counsel's decision to move for exclusion of the sexual assault kit evidence and CODIS report. DN 1-1, PageID # 36–44. Second, he suggests that counsel should have called a DNA expert to testify on his behalf and that failure to do so produced an unjust result. *Id.*, PageID # 44–49. Third, he argues the "combined effect" of trial counsel's errors amounted to ineffective assistance of counsel. *Id.*, PageID # 49–52. This last argument mostly restates the two previous arguments, with one additional claim that trial counsel should have objected during the prosecution's closing argument. *Id.*

This Court concurs with the determinations of the Magistrate Judge on these matters. The Kentucky Court of Appeals was not objectively unreasonable in its application of *Strickland* to conclude that counsel's motion to exclude the DNA evidence from the sexual assault kit was a strategic move. DN 22, PageID# 438. As stated by the Kentucky Court of Appeals, "[c]onsidering it was the DNA from the sexual assault kit that triggered the CODIS match and reopened the cold case, trial counsel's successful motion to exclude that evidence was proper and non-prejudicial to Crawford." *Crawford II*, 2015 Ky. App. Unpub. LEXIS 282, at *8. Likewise, the Kentucky Court of Appeals did not unreasonably apply *Strickland* in determining that trial counsel's decision not

8

to call an expert witness to testify on behalf of Crawford was strategic. DN 22, PageID# 439-40. The expert herself had informed trial counsel that she could not benefit Crawford with her testimony. *Crawford III*, 2019 Ky. App. Unpub. LEXIS 298, at *10. Finally, the Kentucky Court of Appeals "did not rest on an unreasonable determination of fact or application of law" in finding that there was no prosecutorial misconduct during closing arguments and, thus, trial counsel had no reason to object to the prosecution's statements about properly admitted evidence. DN 22, PageID# 441-42.

Because Crawford has failed to substantiate a meritorious claim of ineffective assistance of counsel, this Court rejects Crawford's broader claim that the alleged errors made by trial counsel had a cumulative prejudicial impact on his trial.[1]

## Certificate of Appealability

The Court agrees that no reasonable jurist would find debatable the conclusion that the claims in Crawford's petition fail on the merits and, thus, a Certificate of Appealability will be denied.

For the reasons set forth herein this date and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the Report and Recommendation of the United States Magistrate Judge (DN 22) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY** and the objections of petitioner Henry Crawford thereto (DN 28) are **OVERRULED**. Further, for the reasons stated a Certificate of Appealability will be **DENIED** as to each claim asserted in the petition.

---

[1] As noted by the Magistrate, habeas relief is not granted under such circumstances in the Sixth Circuit. DN 22, PageID# 442-43 (citing *Keith v. Mitchell*, 455 F.3d 662, 679 (6th Cir. 2006)).

A separate order with judgment will be entered this date in accordance with this memorandum opinion and order.

**IT IS SO ORDERED**.

May 13, 2022

Charles R. Simpson III, Senior Judge
United States District Court

10