UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

HENRY CRAWFORD, JR.                                                                                   PETITIONER

v.                                                                       CIVIL ACTION NO. 3:20-CV-698-CRS

KEVIN R. MAZZA, *Warden*                                                                           RESPONDENT

## MEMORANDUM OPINION

This matter is before the Court on the petition of Petitioner Henry Crawford ("Crawford") for Rehearing. DN 31. Although Crawford appears to have served his motion the Kentucky Attorney General on May 27, 2022 (DN 31, PageID# 527), no response has been filed. The time period for filing a response under the local rules of this court has now expired. Accordingly, the petition is now ripe.

**I.**

Crawford was convicted after a home invasion and sexual assault that occurred in 1990. *Crawford v. Commonwealth*, No. 2010-SC-000645, 2012 WL 601248, *1 (Ky. Feb. 23, 2012) ("*Crawford I*"). Crawford was implicated in the crime in 2006 after his DNA was entered into the Combined DNA Index System ("CODIS") and linked to the sexual assault kit administered to the victim of the home invasion. *Id.* Following an investigation, Crawford was arrested and later tried before a Jefferson County, Kentucky jury and found guilty on counts of first-degree rape, sodomy, burglary, and robbery. *Id.* He was sentenced to an aggregate term of two hundred years due to a first-degree persistent felony offender enhancement. *Id.* The Court adopts the factual findings of the Supreme Court of Kentucky from Crawford's direct appeal.

On October 16, 1990, Dana Minrath ("Minrath") was the victim of a home invasion, during which she was physically attacked and sexually assaulted. *Id.* She was ambushed by an assailant who had been hiding in her home. *Id.* The assailant approached Minrath from behind, dealt a severe blow to her head, and forced her to the floor. *Crawford I*, 2012 WL 601248, at *1. He then "subdued her by pressing a gun to the back of her head." *Id.* The assailant dragged Minrath to the bedroom, where he bound her hands and legs, blindfolded her with a scarf, and removed all her clothing. *Id.* He then raped and sodomized Minrath. *Id.*

When the attack was over, Minrath tried to free herself but could only remove the bindings from her legs. *Id.* She ran for help "[s]till unclothed and bleeding heavily from the head wound." *Id.* After knocking on an elderly neighbor's door and getting no response, Minrath drew the attention of a passing truck. *Crawford I* at *1. By that time, her neighbor had also come to the door. *Id.* The driver "covered Minrath with a blanket and assisted her into the neighbor's home." *Id.* She was then taken by ambulance to the hospital, where she received twelve stitches in her head. *Id.* Sexual assault evidence was collected during her hospitalization. *Id.* DNA was also recovered from the blanket Minrath wrapped herself in while waiting for police to arrive. *Id.* Minrath was able to provide a description of her assailant to police, "although she acknowledged that she only caught a glimpse of him before he forced her to the floor and blindfolded her." *Crawford I*, 2012 WL 601248, at *1.

The crime went unsolved until 2006, when Crawford was arrested on unrelated charges and his DNA profile was entered into CODIS. *Id.* His DNA matched the profile of the swabs taken in Minrath's sexual assault kit. *Id.* This match "restarted the dormant investigation into the crime." *Id.* The investigation revealed that Crawford was seen in Minrath's neighborhood at the time the crimes were committed. *Id.* In addition, the DNA samples taken from the blanket, which were

frozen in 1990 and retested in 2006, proved to be a mixture of Minrath's and Crawford's DNA. *Id.*

## II.

Crawford was arrested and later tried on charges of first-degree burglary, robbery, rape, and sodomy, and for being a persistent felony offender. *Id.* He was convicted on all counts and sentenced to fifty years on each to run consecutively for a total of two hundred years. DN 14-2, PageID # 127–29. Crawford directly appealed his conviction to the Kentucky Supreme Court, raising five claims of error. *Id.*, PageID # 131. The Court affirmed Crawford's judgment of conviction and sentence in its entirety. *Crawford I*, 2012 WL 601248, at *5.

In August 2012, Crawford filed a *pro se* collateral attack on his conviction under Kentucky Criminal Rule (RCr) 11.42, asserting eight claims of ineffective assistance of counsel. DN 14-2, PageID # 218. The Jefferson Circuit Court rejected all of Crawford's RCr 11.42 claims. *Id.*, PageID # 258. On appeal, the Kentucky Court of Appeals affirmed in part, reversed in part, and remanded the 11.42 ruling for a hearing on Crawford's claim that his counsel was ineffective for not calling a DNA expert to testify at trial. *Crawford v. Commonwealth*, No. 2013-CA-000816-R, 2015 WL 1968775, at *9–10 (Ky. Ct. App. May 1, 2015) ("*Crawford II*").

A hearing was held on December 2, 2016, and the Jefferson Circuit Court determined that trial counsel was not ineffective for strategically deciding not to call the retained DNA expert. *Id.*, PageID # 329. Crawford appealed this determination, and the Kentucky Court of Appeals affirmed. *Crawford v. Commonwealth*, No. 2017-CA-001354-MR, 2019 WL 1870672 (Ky. Ct. App. Apr. 26, 2019) ("*Crawford III*"). Crawford then sought discretionary review by the Kentucky Supreme

Court, which was denied on April 22, 2020. DN 14-2, PageID # 386, 399. Crawford did not file a writ of certiorari with the United States Supreme Court.

On October 16, 2020, Crawford filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. DN 1. In his petition, Crawford challenged his state court conviction by alleging several discovery violations (DN 1-1, PageID # 24–31), a *Brady* violation (*Id.*, PageID# 32-36), ineffective assistance of counsel (*Id.*, PageID# 36-52), and "cumulative error" (*Id.*, PageID# 49). The matter was referred to the United States Magistrate Judge for Findings of Fact, Conclusions of Law, and Recommendation ("R&R"). DN 22. In the R&R, Magistrate Judge Edwards recommended that this Court deny Crawford's petition for the writ of habeas corpus and deny Crawford a Certificate of Appealability. *Id.*, PageID# 444. This Court accepted and adopted the Magistrate Judge's R&R in its entirety and, hence, denied Crawford's 28 U.S.C. § 2254 petition. DNs 29 and 30. Crawford now asks this Court to reconsider its judgment on this matter. DN 31.

### III.

Crawford has framed the instant petition as a "Petition for Rehearing pursuant to Federal Rules of Appellate Procedure 40." DN 31, PageID# 523. But the rule Crawford cites only allows a petitioner to seek a panel rehearing before the federal appellate court when the petitioner believes the appellate court has "overlooked or misapprehended" a point of law or fact (s*ee* Fed. R. App. P. 40(a)(2)) and, hence, is an improper vehicle for pursuing reconsideration from the district court. Litigants subject to an adverse district court judgment can, however, file a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"), or to file a motion seeking relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). *Harvey v. United States*, No. 1:11-CR-24-TBR, 2017 U.S. Dist. LEXIS 2781, at *3 (W.D. Ky. Jan. 9, 2017).

A petition made pursuant to Rule 59(e) allows a district court an opportunity to fix its own errors, "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2015) (citation omitted). A Rule 59(e) motion should be granted when there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Schlaud v. Snyder*, 785 F.3d 1119, 1124 (6th Cir. 2015) (citation omitted). Alternatively, Rule 60(b) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for such reasons as: "mistake, inadvertence, surprise, or excusable neglect;" "fraud... misrepresentation, or misconduct by the opposing party;" or "any other reason that justifies relief." The burden of showing entitlement to relief under Rule 59(e) or Rule 60(b) is on the moving party. *See Ayers v. Anderson*, No. 3:16-cv-00572-CRS, 2018 U.S. Dist. LEXIS 110594, at *3 (W.D. Ky. July 2, 2018).

Neither Rule 59(e) nor 60(b) is to be construed as allowing a party to "reargue" a case. *See Whitehead v. Bowen*, 301 Fed. App'x 484, 489 (6th Cir. 2008) (finding that a Rule 59(e) motion is not "an opportunity to reargue a case"). "Motions to alter or amend must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Fernandez v. Gulick*, No. 3:07-CV-461-S, 2008 U.S. Dist. LEXIS 67376, at *2 (W.D. Ky. Sep. 3, 2008) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337 (5th. Cir. 2007)). Like Rule 59(e), "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014).

The Court must assess whether Crawford's petition should be reviewed under Rule 59(e) or Rule 60(b). Litigants have 28 days to file Rule 59(e) motions, while Rule 60(b) motions are

subject to a one-year time limit from the entry of the judgment. Because Crawford's motion was entered seventeen days after the Court's order adopting the R&R, the Court will apply the standards for both Rules 59(e) and 60(b). *See Ayers*, 2018 U.S. Dist. LEXIS 110594, at *3-4.

Crawford asserts two grounds for reconsideration, neither of which are sustainable. First, Crawford alleges that, after the hearing on December 2, 2016, the Jefferson Circuit Court denied his motion for post-conviction relief under RCr 11.42 before he was able to file a post-hearing brief. DN 31, PageID# 523. According to Crawford, the denial of his motion under these circumstances was "arbitrary [*sic*] unreasonable, fundamentally unfair and unsupported," as was the subsequent affirmance by the Kentucky Court of Appeals. *Id.*, PageID# 524. Crawford presently asks this Court to "reconsider the facts" and find in his favor on this issue. *Id.* However, in neither his appeal from the Circuit Court[1] nor in his original petition under 28 U.S.C. § 2254 did Crawford raise an argument based on the timing of the Circuit Court's ruling on his RCr 11.42 petition. As discussed above, motions for reconsideration do not allow a petitioner "a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." Thus, Crawford's first asserted grounds for reconsideration fail under Rule 59(e) and Rule 60(b).

Second, Crawford attempts to resurrect an argument that has been considered by every court at every level throughout Crawford's multiple attempts to attack his conviction. Crawford continues to maintain that he has presented sufficient evidence to meet the standard from *Strickland v. Washington*, 466 U.S. 668 (1984) for establishing ineffective assistance of counsel. DN 31, PageID# 526. He now asks this Court to revisit the evidence once again. *Id.* To reiterate,

---

[1] The Court notes that, in his brief to the Kentucky Court of Appeals, Crawford mentions that "the Judge made her Ruling earlier than Ordered, thus it was prior to the Defense Filing Its Post-Conviction Brief," but he does not argue that this constitutes grounds for reversal. DN 14-2, PID 339. Rather, Crawford's argument on appeal is entirely focused on his attorney's purported ineffective assistance of counsel. *Id.*, PID 341, 352.

Page **6** of **7**

a motion for reconsideration is not an opportunity for a petitioner to reargue his or her case. Accordingly, Crawford's argument on this point fails to justify relief under any of the enumerated provisions of Rule 59(e) or Rule 60(b).

    For the reasons set forth above, the Court will deny Crawford's petition for reconsideration in a separate order.

July 13, 2022

**Charles R. Simpson III, Senior Judge**
**United States District Court**